**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4197**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRELL DEVON LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00306-WO-1)

Submitted:  November 30, 2021                          Decided:  January 4, 2022

Before WYNN and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel A. Harris, CLIFFORD & HARRIS, PLLC, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Nicole R. DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrell Devon Lewis appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), following a jury trial. On appeal, Lewis' sole contention is that the district court reversibly erred by denying his request for a jury instruction on the affirmative defense of justification. Finding no error, we affirm.

"As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). However, where there is insufficient evidence to support any element of the defense, a district court can refuse to instruct the jury on it. *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994). "A district court's refusal to instruct the jury on such a defense presents a question of law that we review de novo." *United States v. Ricks*, 573 F.3d 198, 200 (4th Cir. 2009) (citing *United States v. Perrin*, 45 F.3d 869, 871 (4th Cir. 1995)).

To be entitled to a jury instruction on the affirmative defense of justification, the defendant must put forth sufficient evidence that: (1) he "was under unlawful and present threat of death or serious bodily injury;" (2) he "did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;" (3) he "had no reasonable alternative (to both the criminal act and the avoidance of the threatened harm); and" (4) there was "a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989). Importantly, "if there was a reasonable, legal alternative to violating the law,

2

a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defense[] will fail." *United States v. Bailey*, 444 U.S. 394, 410 (1980) (internal quotation marks omitted).

Here, the evidence at trial established that Lewis and several companions were inside a Waffle House and were involved in a physical fight with another group. The other group and at least one member of Lewis' group, his cousin, exited to the parking lot.[*] Lewis and other members of his group had begun to leave the Waffle House when gunfire erupted. Although several of Lewis' companions retreated inside to hide, Lewis instead continued to exit the building and took cover behind the nearest vehicle before making his way to the passenger's side of a second vehicle, where he knew there was a loaded firearm. Security footage shows Lewis standing with his arm outstretched, which the Government contended—but Lewis disputed—showed Lewis shooting a firearm. The firearm in question was subsequently recovered approximately one-half mile from the Waffle House, and testing established that Lewis' DNA was present on the gun and that shell casings recovered from the parking lot had been fired from that gun.

Lewis argues that even if he did possess the firearm, he had no reasonable alternative to doing so. However, because he could have chosen to return or remain inside the Waffle House, as others in his group did, or to remain hidden behind the first vehicle, Lewis failed to make a threshold showing of all the elements necessary to establish a justification defense. *See United States v. Mooney*, 497 F.3d 397, 404 (4th Cir. 2007) (emphasizing

---

[*] Lewis' cousin was killed in the altercation.

that "we . . . construe the justification defense for possession of a firearm by a felon very narrowly" (internal quotation marks omitted)); *United States v. Gilbert*, 430 F.3d 215, 219 (4th Cir. 2005) (explaining that "the scenarios in which a defendant could even colorably assert [the justification defense's] applicability are extraordinarily uncommon"). We therefore discern no error stemming from the district court's refusal to instruct the jury regarding the defense.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4